ORD. PET.                        Estham *vs.* Curd.

Case 15.                    APPEAL FROM WHITLEY CIRCUIT.

1. Exceptions to depositions in suits at law for any other *cause than the* incompetency of the testimony, must be filed and noted of record before the commencement of the trial. (*Code of Practice*, 650, 651, 654.)

2. In an action of slander the declaration contained charges of speaking various words and expressions prejudicial to the character of plaintiff. The court instructed the jury "that if the plaintiff had proved the speaking of any of the slanderous words charged in the petition, they should find for him." Held by the court—that this was error. The jury should have been informed what words were slanderous and actionable.

Case stated.

Curd brought this action in the Whitley Circuit Court against Estham for speaking slanderous words of him, in substance charging the plaintiff with swearing to a lie. The plaintiff alleges that defendant said of the plaintiff these words: "James T. Curd, (meaning the plaintiff,) swore a lie in a suit in the Whitley Circuit Court, and I intend to prosecute him next court, and send him to the penitentiary for it." "Curd, (meaning the plaintiff,) is a perjured scoundrel; he has been guilty of perjury; he has perjured himself about the Hurricane tract of land." The defendant filed a demurrer to the declaration, which being overruled by the court, he filed the plea of not guilty.

After the jury were sworn, the plaintiff offered to read to the jury the deposition of one Creekmore, which was objected to by defendant's attorney, and leave asked to file exceptions to it, which the court refused, and defendant excepted. The defendant then moved to exclude the deposition of Creekmore, which motion was also overruled.

After the testimony was closed the court, at the instance of plaintiff, gave to the jury, with others, the following instruction: "That if the plaintiff has proved the speaking of any of the slanderous words charged in the petition, they should find for the

plaintiff." The jury found a verdict for the plaintiff, and assessed $275 damages.

The defendant filed grounds and moved the court for a new trial, relying, among other grounds, that the court had erred in its instructions to the jury given at the instance of plaintiff's attorney. The motion being overruled, the defendant. has appealed to this court.

*B. & J. Monroe*, for appellant—

1. The Circuit Court erred in refusing leave to file exceptions to the deposition, and more particularly in refusing to exclude the deposition when offered without any such proof being offered as authorized' it to be taken. It was incompetent evidence, unless taken under such circumstances as pointed out by law. No such facts being proved to open the way for the reading of the deposition, it should have been excluded. The defendant had no right to presume that it would be offered without the production of such proof—without such proof it was incompetent evidence. The defendant had a right to an oral cross-examination, and to have the witness before the jury.

2. The evidence of Williams, the only witness introduced to prove the speaking of the words in the declaration, fails to prove them. All that he will say is, "that the impression made upon his mind is that Estham charged Curd with having sworn a lie about a paper in relation to the Hurricane tract of land; that he could not say that any. paper was mentioned or spoken of; that he could not give the language or words used, or what Estham had said; but from the sum of the conversation his impression was that Estham had charged Curd with swearing to a lie about a paper in court, but could not tell what paper it was, or whether a paper was mentioned or not. He did not know when the conversation took place, but thinks the substance of the words was that Estham charged Curd with swearing a lie about

some paper in relation to some of the suits between them in court. He could not tell what, and does not recollect that a paper was named." Such is the evidence upon which the jury found their verdict. It is not sufficient. 1. The witness does not speak with such certainty as authorizes any confidence to be placed in his recollection. 2. If all he says is true, it does not prove actionable words, as the charge of swearing to a lie does not apply to or connect itself with any swearing judicially, or in swearing before any tribunal authorized to administer an oath. (2 *Bibb*, 419; 4 *Ib*. 99; 2 *Marshall*, 220; 8 *B. Monroe*, 488.)

3. The court erred in the first instruction given to the jury at the plaintiff's instance. It is in these words: "The court instruct the jury that if the plaintiff has proved the speaking of any of the slanderous words charged in the petition they should find for the plaintiff." The court should have told the jury what words in the declaration were actionable, and not have left that to the jury.

4. The court having erred, should have granted a new trial that upon a subsequent trial they might be corrected, and justice done to the defendant.

December 18.    Judge STITES delivered the opinion of the Court.

This is an appeal from a judgment of the Whitley Circuit Court, in an action for slander, brought by Curd against Estham.

It is assigned for error—1. That the court erred in refusing to permit exceptions to be filed to the deposition of Creekmore, and to exclude said deposition from the jury. 2. That the evidence was insufficient to authorize the finding of the jury. 3. That the court erred in its instructions to the jury.

It appears from the record, that after the jury was sworn, the plaintiff offered to read the deposition of Creekmore which had been filed with the papers of the case before the commencement of the trial. The defendant objected, and offered then to file excep-

tions in writing. The court overruled his objection, refused to allow him to file exceptions, and permitted the deposition to be read. After this, the defendant moved to exclude the deposition from the jury on the ground that the certificate of the examiner showed that the deposition had been taken in Whitley county, and that no proof had been introduced to show either that the witness was a non-resident, absent from the state, resided in another county, or more than thirty miles from the court-house, or labored under any disability to prevent his personal attendance. This motion was also overruled by the court, and excepted to by defendant.

The exceptions tendered, nor the objection taken by motion, went to the competency of the witness nor to the relevancy or competency of the testimony; and inasmuch as the former were not filed and noted of record before the commencement of the trial, and the latter should have been taken by exception and filed as such, in the manner and at the time prescribed by the Code, (*sections* 650, 651, 654,) the court properly refused to permit the filing of the exception to exclude the deposition.

Without determining the sufficiency of the evidence to uphold the verdict, which is by no means clear, we are of opinion that the third and last error assigned is fatal to the judgment.

It seems that the plaintiff in his petition had charged the defendant with uttering many and various expressions prejudicial to his character, and on his motion the court, without informing the jury what words set out in the petition were slanderous and actionable, instructed them, "that if the plaintiff had proved the speaking of any of the slanderous words charged in the petition, they should find for him."

This was erroneous. It was the province of the court and not the jury to determine what expressions were slanderous. The jury should have been informed what words were slanderous and actiona-

ESTHAM
*vs.*
CURD.

1. Exception[8] to depositions in suits at law for any other cause than the incompetency of the testimony, must be filed and noted of record before the commencement of the trial. (*Code of Practice*, 650, 651, 654.)

2. In an action of slander the declaration contained charges of speaking various words and expressions prejudicial to the character of plaintiff. The court instructed the jury "that if the plaintiff had proved the speaking of any of the slanderous words charged in the petition, they should find for him." Held by the court—that this was error. The jury should have been informed what words were slanderous and actionable.

ble, and the instruction predicated upon their belief of the speaking of such words by the defendant.

Wherefore, the judgment is reversed, and cause remanded with directions to set aside the judgment and verdict, grant the defendant a new trial, and for other proceedings consistent with this opinion.